Vivian **CALHOUN** et al., Plaintiffs-Appellants,

v.

Ed S. **COOK** et al., Defendants-Appellees.

No. 29605.

United States Court of Appeals,
Fifth Circuit.

July 8, 1970.

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., Jack Greenberg, Norman J. Chachkin, New York City, E. E. Moore, Atlanta, Ga., for plaintiffs-appellants.

Henry L. Bowden, Arthur K. Bolton, Atty. Gen., A. C. Latimer, John C. Pennington, Atlanta, Ga., E. Freeman Leverett, Heard & Leverett, Elberton, Ga., for defendants-appellees.

Before WISDOM, THORNBERRY and CLARK, Circuit Judges.

BY THE COURT:

▮ Pursuant to 28 U.S.C.A. § 2106, the district court is directed:

1. To promptly hold such further proceedings as may be necessary to make supplemental findings on or before August 17, 1970, disclosing, for each separate school in the Atlanta School System, the number of students of the white and the black race who would be assigned to every school if a true neighborhood assignment system as defined in Ellis v. Board of Public Instruction of Orange County, Florida, 423 F.2d 203 (5th Cir. 1970) were strictly enforced.

2. To supplement its previous findings of fact on or before August 17, 1970, so as to show the number of students who, under the plan presently approved, would be expected to attend a racially integrated school for one or more full school years during the course of their completion of 12 grades of education in this system.

3. To immediately enter an order providing that no new construction of educational facilities shall be undertaken by this system without prior court determination that such construction does not tend to establish a biracial school system.

4. To immediately constitute a biracial committee of not less than 10 adult resident citizens of Atlanta chosen by the district court from names submitted to it by the parties to this suit. The white and black membership of such committee should be equal and provision is to be made for the chairmanship to alternate annually between such races. The committee shall make recommendations to the school board concerning ways to operate and maintain a unitary school system in the city. See Ellis v. Board of Public Instruction of Orange County, Florida, *supra.*

Jurisdiction is retained in this court to determine at a later date all issues concerning methods of student body merger in this system.